UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel., Girish Parikh,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PREMERA BLUE CROSS,<br><br>　　　　　　　　　　Defendant. | No. C01-0476MJP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS 1-6 OF PLAINTIFF'S SECOND REQUEST FOR PRODUCTION |

This matter comes before the Court on Plaintiff's Motion to Compel Responses to Requests 1-6 of Plaintiff's Second Request for Production (RFP). (Dkt. No. 98).  Having reviewed the materials submitted by the parties, the Court GRANTS Plaintiff's motion.

**Discussion**

Requests 1-6 of Plaintiff's Second RFP relate to issues raised in a letter sent on November 30, 2004, from Janice Ziegler, attorney for Premera Blue Cross (PBC), to Joan Fowler, the Acting Director of the Centers for Medicare and Medicaid Services Division of Medicare Secondary Payer. In the letter, entitled "Voluntary Disclosure Medicare Mistaken Primary Payments," PBC acknowledged that, in certain instances, it had erroneously paid secondary to Medicare.

Defendant objected to Requests 1-6 of Plaintiff's Second RFP, arguing that the requests were irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant argues that Plaintiff is seeking information related to Premera's operations as a commercial

ORDER - 1

insurer and that such information is "wholly irrelevant to [Plaintiff's] claims that Premera defrauded the government in its capacity as a fiscal intermediary."

Plaintiff argues that Premera's actions as a "commercial insurer" are directly relevant to its actions as a "fiscal intermediary" and that Premera, as a single corporate entity, is liable for the actions of both its "private" side and its "fiscal intermediary" side.

Fed. R. Civ. P. 26(b)(1) authorizes the Court to order discovery on any matter that appears reasonably calculated to lead to the discovery of admissible evidence. The Court finds that the "Voluntary Disclosure" letter raises issues of legitimate inquiry for Plaintiff. The information requested in Requests 1-6 of Plaintiff's Second RFP may lead to the discovery of evidence relevant to Count Two of Plaintiff's Amended Complaint (Medicare Second Payor Fraud). Defendants therefore must produce responses to Requests 1-6 of Plaintiff's Second RFP within 10 days of this order.

**Conclusion**

For these reasons, the Court GRANTS Plaintiff's Motion to Compel Responses to Requests 1-6 of Plaintiff's Second RFP.

The clerk is directed to send copies of this order to all counsel of record.

Dated this 11th day of October, 2006.

_Marsha J. Pechman_
Marsha J. Pechman
United States District Judge

ORDER - 2