UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., Girish Parikh,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>PREMERA BLUE CROSS,<br><br>　　　　　　　　　　Defendant. | No. C01-0476MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RETURN OF PRIVILEGED DOCUMENTS INADVERTENTLY PRODUCED TO PARIKH |

　　　　This matter comes before the Court on Defendant's Motion for Return of Privileged Documents Inadvertently Produced to Parikh. (Dkt. No. 114.) Having reviewed the materials submitted by the parties, the Court GRANTS Defendant's motion. The reasons for the Court's order are set forth below.

**Discussion**

**1.　Defendant's Motion for Return of Privileged Documents**

　　　　On August 23, 2006, Defendant produced documents on compact discs to Plaintiff that it later realized were (allegedly) privileged. On August 31, 2006, this Court ordered Plaintiff to deposit with the Court all compact discs containing the documents that Defendant claimed to be privileged. This Court directed Defendant to provide Plaintiff with a replacement CD that only omitted previously-produced documents for which Defendant claimed privilege. And this Court ordered Defendant to provide Plaintiff with a privilege log. This Court directed the parties to submit briefing on the issues of privilege and waiver.

ORDER - 1

Defendant contends that in response to Requests 7 through 15 of Plaintiff's Second Request for Production (RFP), it inadvertently produced 195 privileged documents to Plaintiff. Defendant argues that the documents are privileged on the basis of work-product immunity and attorney-client privilege and that it did not waive that privilege when it inadvertently produced the documents to Plaintiff. Plaintiff does not argue that the documents at issue are not privileged. Instead, Plaintiff argues that Defendant waived any claims of privilege when it produced the documents to Plaintiff.

Although the Ninth Circuit has not adopted a rule regarding waiver of privilege based on inadvertent disclosure, district courts within the Ninth Circuit employ a five-factor balancing test to determine whether the inadvertent disclosure caused the privileged to be waived. See, e.g., United States *ex rel.* Bagley v. TRW, Inc. et al., 204 F.R.D. 170, 177-78 & n.11 (C.D. Cal. 2001) (predicting that Ninth Circuit would adopt some form of the five-factor test and applying that test); In Re Sause Bros. Ocean Towing, 144 F.R.D. 111, 115 (D. Or. 1991) (applying five-factor test); Eureka Financial Corp. v. Hartford Accident & Indem. Co., 136 F.R.D. 179, 184-85 (E.D. Cal. 1991) (same). The factors are: "(1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." Bagley, 204 F.R.D. at 177 (quoting Hartford Fire Ins. Co. v. Garvey, 109 F.R.D. 323, 322 (N.D. Cal. 1985)). The Court will apply those factors here.

Four factors weigh in favor of Defendant. As to the first factor, the Court finds that Defendant took reasonable measures to prevent disclosure. Defendant has reasonable processes in place to identify and label privileged documents; the disclosure via the CD was caused by an administrative error. As to the second factor, the Court finds that Defendant acted promptly: Defendant realized the error and contacted Plaintiff within a few days of the disclosure. As to the third factor, the privileged documents constitute only a small portion of the discovery produced in response to Plaintiff's Second RFP. Defendant inadvertently produced 195 documents totaling about 1200 pages. Although 1200 pages may be, as Plaintiff contends, a substantial amount, it is only a small percentage of the total pages produced in response to Plaintiff's Second RFP (143,000 pages as of 9/15/06). And as to the fifth factor, the Court finds that the importance of the attorney-client and

work-product privileges outweigh any interest Plaintiff has in these documents.  See Bagley, 204 F.R.D. at 182 ("A party to whom privileged documents are produced inadvertently . . . has no inherent 'fairness' interest in keeping them, unless the producing party waited so long to address the problem after having been informed of it that the receiving party reasonably changed its position in reliance upon their continued availability.").

But the fourth factor weighs in favor of Plaintiff.  The disclosure was extensive: Defendant produced digital copies of the privileged documents, contents of the documents were available on inspection, and Plaintiff was in possession of the documents for more than one week.

The first, second, third, and fifth factors all weigh in Defendant's favor. Considering these factors and the totality of circumstances, the Court finds that no waiver of Defendant's privilege occurred when Defendant inadvertently produced privileged documents to Plaintiff.

**2.     Eleven Non-Privileged Documents Inadvertently Produced**

In addition to the privileged documents, Defendant also initially produced eleven non-privileged documents.  Defendant redacted these documents when it produced its replacement CD, claiming that they were non-responsive.  These documents should not have been redacted.  Unlike privileged documents, these non-privileged documents cannot be redacted once produced.  Defendant must produce these documents to Plaintiff within five (5) days of this order.

**Conclusion**

The Court GRANTS Defendant's Motion for Return of Privileged Documents.  But the Court orders Defendant to produce the eleven non-privileged documents.

The Court will return the CDs in its custody to the Defendant.

The clerk is directed to send copies of this order to all counsel of record.

Dated this 11th day of October, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 3