UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
ex rel., Girish Parikh,

                Plaintiffs,

v.

PREMERA BLUE CROSS,

                Defendant.

No. C01-0476MJP

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL AND TO EXCLUDE EXPERT TESTIMONY

       This matter comes before the Court on Defendant's Motion To Compel Supplement to Plaintiff's 26(a)(1)(C) Disclosure and To Exclude Expert Testimony or in the Alternative Compel the Production of Expert Reports. (Dkt. No. 99). Having reviewed the materials submitted by the parties, the Court ORDERS as follows:

       (1) The Court GRANTS Defendant's Motion To Compel Supplement to Plaintiff's 26(a)(1)(C) Disclosure. Plaintiff must produce a damages claim disclosure that complies with FRCP(a)(1)(C) within twenty (20) days of receiving from Defendant the documents needed to make the damages claim calculation.

       (2) The Court DENIES Defendant's Motion to Exclude Expert Testimony or Compel the Production of Expert Reports. But the Court ORDERS Plaintiff to identify the HHS OIG Statistician within two (2) days of the date of this order. And the Court ORDERS Plaintiff to offer up Mr. Parikh and the HHS OIG Statistician for depositions within ten (10) days of the date of this order.

ORDER - 1

## Discussion

**1.      Damages Claim Disclosure**

Defendant asserts that Plaintiff has not provided any meaningful information regarding the amount of, or methodology for calculating, Plaintiff's claim of damages with respect to Counts One through Three of Plaintiff's Amended Complaint. Plaintiff argues that he cannot supplement his initial damages calculation until Defendant complies with its discovery obligations. Plaintiff claims that, in order to make the damages calculation, he needs (a) documents that are the subject of Relator's Motion to Compel Response to Request 13A of Relator's Second RFP and (b) documents that are the subject of Relator's Motion To Compel Responses to Requests 1-6 of the Second RFP.

Fed. R. Civ. P. 26(a)(1) requires a party to initially disclose a computation of damages and to make that computation "based on the information then reasonably available to it." A party is not excused from making its initial disclosure in retaliation because another party has not made its disclosure. Fed. R. Civ. P. 26(a)(1). But a party is "not . . . expected to provide a calculation of damages which . . . depends on information in the possession of another party or person." Fed. R. Civ. P. 26(a) advisory committee's note.

The Court resolves this issue as follows: In separate orders, the Court will grant the two motions to compel mentioned above. Within twenty (20) days of receiving the documents that are the subject of those motions, Plaintiff must provide Defendant with a supplemental damages claim disclosure that complies with FRCP 26(a)(1)(C).

**2.      Expert Witnesses**

Defendant argues that Plaintiff violated FRCP 26(a)(2)(B) by not filing expert reports for Mr. Parikh or the "HHS OIG Statistician" by August 16, 2006. Defendant also complains that Plaintiff has not identified the "HHS OIG Statistician."

Fed. R. Civ. P. 26(a)(2)(B) does not require Mr. Parikh or the HHS OIG Statistician to provide expert reports. Only an expert witness "who is <u>retained or specially employed</u> to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony" is required to provide a written report. Fed. R. Civ. P. 26(a)(2)(B) (emphasis

ORDER - 2

added). Mr. Parikh and the HHS OIG Statistician were not "retained or specially employed" to provide expert testimony in this case and therefore are not required by the rule to provide expert witness reports.

But Defendant must have a reasonable opportunity to depose these witnesses as experts. Within ten (10) days of the date of this order, Mr. Parikh must make himself available for seven (7) hours of deposition. The questioning at the deposition shall be limited to Mr. Parikh's expert opinions. Moreover Plaintiff must identify the "HHS OIG Statistician" within two (2) days of the date of this order and must make him or her available for a deposition within ten (10) days of the date of this order.

## Conclusion

For these reasons, the Court GRANTS Defendant's motion to compel supplementation of Plaintiff's 26(a)(1)(C) disclosure and DENIES Defendant's motion to exclude expert testimony or compel production of expert reports.

The clerk is directed to send copies of this order to all counsel of record.

Dated this 11th day of October, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 3