UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,
ex rel., Girish Parikh,

                  Plaintiffs,

v.

PREMERA BLUE CROSS,

                  Defendant.

No. C01-0476MJP

ORDER GRANTING RELATOR'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS RELATED TO PWC'S AUDIT OF PREMERA'S MSP OPERATIONS

       This matter comes before the Court on Relator's Motion to Compel Production of Documents Related to PWC's Audit of Premera's MSP Operations. (Dkt. No. 104). Having reviewed the materials submitted by the parties, the Court GRANTS Plaintiff's motion.

       On October 24, 2003, in the related action of <u>In re Premera Blue Cross</u>, Case No. MS03-123P, the Court ruled that, through voluntarily disclosure, Premera had waived the attorney-client privilege and work product protection as to the "reports and communications by PricewaterhouseCoopers (the "PwC Reports") reviewing Premera's Medicare Secondary Payer ("MSP") operations, including documents upon which those reports were based." The Court rejected Premera's argument that Premera's waiver of protection for the documents was selective and limited to the Government.

       In his First Request for Production ("FRP"), Relator sought additional documents relating to PwC's external audits of Premera's MSP operations. Premera refused to produce the documents in

ORDER - 1

1  response to Requests 1 through 152 based on claims of attorney-client and work product privilege.
2  Relator requests that the Court order Premera to respond to those requests.

3  By voluntarily disclosing the contents of the PwC audits of Premera's MSP operations,
4  Premera waived any claim of attorney-client privilege as to all other communications concerning this
5  subject matter. As the Ninth Circuit has explained, "voluntary disclosure of the content of a
6  privileged attorney communication constitutes waiver of the privilege as to all other such
7  communications on the same subject." Weil v. Inv. / Indicators, Research & Mgmt., Inc., 647 F.2d
8  18, 24 (9th Cir. 1981); see also Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992)
9  (noting that subject matter waiver extends "only [] to communications about the matter actually
10 disclosed"). Moreover, fairness dictates that a party may not use the attorney-client privilege as both
11 a sword and a shield. Chevron, 974 F.2d at 1162 (finding implicit waiver of attorney-client privilege
12 where defendant claimed to have relied on advice of counsel). A party may not selectively disclose
13 privileged communications that it considers helpful while claiming privilege on damaging
14 communications relating to the same subject. Id.; see also Weil, 647 F.2d at 24 (noting that fairness
15 requires that privilege holder's privilege shall cease because holder "cannot be allowed, after
16 disclosing as much as he pleases, to withhold the remainder"). The Court is "ultimately . . . guided
17 by the subject matter of the documents disclosed, balanced by the need to protect the frankness of the
18 client disclosure and to preclude unfair partial disclosures." SNK Corp. of America v. Atlus Dream
19 Entm't Co., 188 F.R.D. 566, 571 (N.D. Cal. 1999) (internal quotation marks omitted). Here, Relator
20 seeks documents "about the matter actually disclosed" — that is, about PwC's audit of Premera's
21 MSP operations. Because Premera has selectively disclosed some of the documents relating to this
22 subject matter, it would be unfair not to require Premera to disclose the remainder. See Weil, 647
23 F.2d at 24.

24 The Court also concludes that the at-issue documents are not protected by the work product
25 doctrine because these documents were prepared in the ordinary course of business and not "in
26 anticipation of litigation." See Fed. R. Civ. P. 26(b)(3); In re Grand Jury Subpoena, 357 F.3d 900,
906-07 (9th Cir. 2003).

ORDER - 2

1  For these reasons, the Court GRANTS Relator's Motion to Compel. Premera must produce
2  the documents requested in Paragraphs 1 through 152 of Relator's First RFP within ten (10) calendar
3  days of the date of this order.
4  The clerk is directed to send copies of this Order to all counsel of record.
5  Dated this 31st day of October, 2006.

Marsha J. Pechman
United States District Judge

ORDER - 3