UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel., Girish Parikh,<br><br>                    Plaintiffs,<br><br>v.<br><br>PREMERA BLUE CROSS,<br><br>                    Defendant. | No. C01-0476MJP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR RETURN OF PRIVILEGED DOCUMENT INADVERTENTLY PRODUCED TO PARIKH |

This matter comes before the Court on the parties' CR 37 Joint Submission Regarding the Return of Inadvertently Produced Document PTR0162604. (Dkt. No. 172)  Having reviewed the materials submitted by the parties, the Court GRANTS Defendant's request that Document PTR0162605 be returned.  The reasons for the Court's order are set forth below.

**Discussion**

**1.      Defendant's Motion for Return of Privileged Documents**

On October 27, 2006, in response to Relator Parikh's Third Request for Production, Defendant Premera produced PTR0162604, the first page of a two-page document that Premera characterized as privileged under the work-product doctrine in its privilege log.  The document produced contains a bar graph depicting the amount of improper Medicare Secondary Payer overpayments made by Premera between June 2001 and Spring 2004.  Premera discovered its error on December 1, 2006, and on December 2, 2006, contacted Plaintiff's counsel and requested that the

ORDER - 1

document be returned. Relator refuses to return the document and argues that Premera waived any work-product doctrine that attaches to the document.

Effective December 1, 2006, Fed. R. Civ. P. 26(b) was amended to include the following new provision:

> If information is produced in discovery that is subject to a claim of privilege or protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved.

Relator Parikh refuses to return the document, but claims that he has sequestered the document and requested that the Government similarly sequester the document.

Mr. Parikh challenges whether or not the document inadvertently produced was ever protected by the work-product doctrine. But Premera has identified the document in its privilege log. In addition, in a declaration, Premera's in-house counsel states that the at-issue document "reflects an analysis that [she] and other attorneys at Premera had performed in anticipation of possible litigation with the government regarding the subject matter of the documents ordered to be produced by Order of this Court dated October 11, 2006 (Dkt. 142), which analysis is entirely separate and apart from the government's investigation of the allegations in the present lawsuit."[1] Based on the privilege log and Ms. Cramer's declaration, the Court concludes that PTR0162604 is privileged by the work-product doctrine.

The Court must determine whether Premera waived this privilege when it disclosed the document. This is not the first time that Premera has inadvertently disclosed privileged documents in this case. As the Court stated in its previous order, (Dkt. No. 143), district courts within the Ninth Circuit employ a five-factor balancing test to determine whether the inadvertent disclosure caused the privileged to be waived. See, e.g., United States ex rel. Bagley v. TRW, Inc. et al., 204 F.R.D. 170, 177-78 & n.11 (C.D. Cal. 2001) (predicting that Ninth Circuit would adopt some form of the five-

---

[1] The Court does not rely on Ms. Cramer's supplemental declaration. Because parties may not introduce new information in a declaration attached to a reply, Relator's motion to strike the supplemental declaration is GRANTED. See Sweet v. Pfizer, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005).

ORDER - 2

factor test and applying that test). The factors are: "(1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness." Bagley, 204 F.R.D. at 177 (quoting Hartford Fire Ins. Co. v. Garvey, 109 F.R.D. 323, 322 (N.D. Cal. 1985)).

As the Court found in its previous order, the Court finds here that Defendant took reasonable measures to prevent disclosure. Defendant has reasonable processes in place to identify and label privileged documents; the disclosure here was caused by an administrative error. As to the second factor, the Court finds that Defendant acted upon realizing the disclosure. Counsel for Premera contacted Relator's counsel the day after realizing the inadvertent disclosure. As to the third factor, the privileged document constitutes only a small percentage of the total number of pages produced in response to the document request at issue. Defendant inadvertently produced one page of a two page document; as Relator points out, the entire production (in which this document was produced) totaled 300 pages and one CD of approximately 1000 images.

As to the fifth factor, the Court finds that the importance of the attorney-client and work-product privileges outweighs Relator's interest in this document. See Bagley, 204 F.R.D. at 182 ("A party to whom privileged documents are produced inadvertently . . . has no inherent 'fairness' interest in keeping them, unless the producing party waited so long to address the problem after having been informed of it that the receiving party reasonably changed its position in reliance upon their continued availability."). Mr. Parikh claims that he has a "substantial need" for this document "[b]ecause Premera has refused to produce the data used to perform the tabulation represented in the Bar Graph" in PTR0162604.   Mr. Parikh claims that this information is crucial in terms of calculating damages. But Mr. Parikh has not moved the Court to compel production of the "approximately 5,000 documents, including the underlying data upon which the Bar Graph is based." Until Mr. Parikh asks the Court to compel the underlying information, Mr. Parikh cannot claim "substantial need" for the attorney-generated compilation of data.

But as in the previous dispute, the fourth factor weighs in favor of Plaintiff. The disclosure was extensive in the sense that the document itself was produced.

ORDER - 3

1    The first, second, third, and fifth factors all weigh in Defendant's favor. Considering these
2  factors and the totality of circumstances, the Court finds that no waiver of Defendant's work-product
3  privilege occurred when Defendant inadvertently produced one privileged document to Relator.

**Conclusion**

The Court GRANTS Defendant's Motion for Return of Privileged Document PTR0162604. Relator is ordered to return the document immediately. Because the Court concludes that PTR0162604 is privileged, it will remain sealed in the Court file.

The clerk is directed to send copies of this order to all counsel of record.

Dated this 17th day of January, 2007.

*/s/ Marsha J. Pechman*

Marsha J. Pechman
United States District Judge

ORDER - 4