UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA, *ex rel*. Girish Parikh,

    Plaintiff,

v.

PREMERA BLUE CROSS, a Washington non-profit corporation,

    Defendant.

No. CV01-0476 MJP

ORDER ON PREMERA'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I-III (STATUTE OF LIMITATIONS)

    This matter comes before the Court on Defendant Premera Blue Cross' ("Premera") motion for summary judgment on the issue of timeliness for Counts II and III[1] of Relator Girish Parikh's complaint. (Dkt. No. 223.) Having reviewed the papers and pleadings submitted by the parties, the Court GRANTS Defendant's motion for all of Relator's claims that occurred prior to March 29, 1991. The Court DENIES Premera's motion on the remaining claims because they fall within the False Claims Act's ("FCA") ten year statute of limitations provision calculated back from March 29, 2001, the date Relator filed the original complaint.

    The reasons for the Court's order are set forth below.

---

[1] The parties have entered into a stipulation dismissing Count I of the amended complaint. (Dkt. No. 267.)

ORDER - 1

**Background**

Premera Blue Cross is a Washington nonprofit corporation which, among other services, acted as a Medicare fiscal intermediary from the mid-1960s through September 30, 2004. (Cramer Decl. ¶ 2.) As a fiscal intermediary, Premera was responsible for administering and auditing the disbursement of Medicare funds to institutional providers and beneficiaries. (Am. Compl.; Answer.) Relator began working as an auditor in Premera's Medicare department on October 19, 1998, and in 1999 became a Government Program Auditor. (Keller Decl., Ferrara Dep. at 71.) During his tenure at Premera, Relator allegedly discovered that, since at least 1989, Premera had either knowingly or recklessly failed to perform its obligations as a fiscal intermediary.

On March 29, 2001, Relator incorporated these allegations into a complaint against Premera and filed it under seal. (Dkt. No. 1.) Pursuant to the procedure outlined in the FCA, the government has the right to intervene in the case, and the private individual filing the suit cannot proceed until the court unseals the case. 31 U.S.C. § 3730(b)(2) (2000). In the present case, the government repeatedly sought and received extensions of the seal. On October 28, 2002, the Court granted the government's motion for a partial lifting of the seal so that the complaint could be served on Premera. (Dkt. No. 21.) Premera received a copy of the complaint on November 4, 2002. (Diaz Decl., Ex. A.) On May 9, 2005, Relator filed an amended complaint under seal. (Dkt. No. 39.) The government declined to intervene on September 9, 2005. (Dkt. No. 42.)

Premera has moved for summary judgment, arguing that some or all of Relator's claims under Counts II and III of the amended complaint are barred by the statute of limitations.

**Analysis**

Premera argues that the FCA's statute of limitations should bar all of Relator's claims because Relator has failed to articulate specific instances of false claims. In response, Relator argues that Premera has waived the right to challenge Relator's lack of specificity because it should have done so earlier in the suit, pursuant to Fed. R. Civ. P. 9(b). These issues are more properly raised in the

ORDER - 2

1  parties' other motions for summary judgment because they implicate the substantive merits of
2  Relator's case.  Similarly, Premera appears to argue that Relator may not amend his complaint at this
3  stage of the case to correct his failure to articulate specific claims, or to add claims against the
4  commercial side of Premera's business.  These issues are also necessarily intertwined with the
5  substance of Relator's claims and the Court will consider them apart from the statute of limitations
6  questions at issue in this motion.

7  Accordingly, the Court reserves judgment on these issues to Premera's motions for summary
8  judgment on Counts II and III, and Relator's cross-motion for summary judgment on Count II.  (See
9  Dkt. Nos. 231, 232, 234.)  However, the Court will address two other disputed issues relating to the
10 statute of limitations that do not implicate the substance of Relator's claims.  First, whether the
11 appropriate date for calculating the claims that fall within the limitations period is the date that the
12 original complaint was filed, or the date it was unsealed.  Second, whether the FCA's six year
13 limitations period or ten year limitations period applies to Relator's claims.

14 I.  Summary Judgment Standard

15 Summary judgment is not warranted if a material issue of fact exists for trial.  Warren v. City
16 of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The underlying
17 facts are viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus.
18 Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment will not lie if . . . the
19 evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v.
20 Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the
21 initial burden to show the absence of a genuine issue concerning any material fact.  Adickes v. S.H.
22 Kress & Co., 398 U.S. 144, 159 (1970).  Once the moving party has met its initial burden, the burden
23 shifts to the nonmoving party to establish the existence of an issue of fact regarding an element
24 essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex
25 Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  To discharge this burden, the nonmoving party cannot

ORDER - 3

rely on its pleadings, but instead must have evidence showing that there is a genuine issue for trial. Id. at 324.

II.     Date on which the Statute of Limitations is Tolled

The parties dispute which date (the "relevant date") is appropriate for calculating the claims that fall within the limitations period: the date the complaint was filed or the date the complaint was unsealed. Premera argues that the relevant date is November 4, 2002, the date Premera first received a copy of the complaint after it was unsealed. In support of its argument, Premera cites a Second Circuit case holding that the government's complaint-in-intervention did not relate back to the filing of the original complaint. See United States v. Baylor Univ. Medical Ctr., 469 F.3d 263 (2d Cir. 2006). In that case, a private litigant filed a qui tam complaint against 132 hospitals alleging violations of the FCA. Id. at 265. The government sought and received sixteen extensions of the seal, and finally intervened by filing a complaint approximately eight years later. Id. at 266-67. Because the government's complaint raised claims that fell outside the limitations period, the court determined that the claims were barred unless the government's complaint related back to the filing of the original complaint, as provided by Fed. R. Civ. P. 15(c)(2). Id. at 268. The court concluded that the government's complaint did not relate back to the original filing because "the touchstone for relation back pursuant to Rule 15(c)(2) is notice . . ." and that the defendants had not received sufficient notice because the original complaint had been filed under seal. Id. at 270. Although Premera admits the case is not directly on point, Premera argues that the same principle applies in this case because Premera received no notice of the suit until the seal was lifted in 2002.

However, Relator argues that the relevant date is March 29, 2001, the date the original complaint was filed with the Court. Relator argues that Baylor is distinguishable for three reasons. First, Baylor involved a government intervention and the filing of a new complaint. Conversely, in the present case, the government declined to intervene and did not file a new complaint. Second, the court in Baylor acknowledged that "there is a colorable argument that the FCA implicitly permits a

ORDER - 4

form of relation back that dispenses with the requirement of notice." Baylor, 469 F.3d at 270. However, because the parties did not address the issue, the court declined to consider it. Id. Finally, the court indicated that even if it had considered whether the FCA permitted relation back, it had serious concerns about the sufficiency of the original complaint. Id. In the present case, Counts II and III of the original complaint are almost identical to Counts II and III in the amended complaint. (Dkt. Nos. 1, 39.)

Furthermore, Relator cites a line of district court cases rejecting Premera's argument that the statute of limitations is not tolled until the complaint is unsealed. See Miller v. Holzmann, 2006 WL 568722, at *5 (D.D.C. 2006) ("Unfortunately for the defendants, the contention that the statute of limitations is not tolled until the unsealing of the relator's complaint has been rejected by every court in which it has been made.") (citing In re Cardiac Devices Qui Tam Litigation, 221 F.R.D. 318, 357-58 (D. Conn. 2004); United States *ex rel.* Downy v. Corning, Inc., 118 F. Supp. 2d 1160 (D.N.M. 2000), overruled on other grounds, United States *ex rel.* Sikkenga v. Regence Bluecross Blueshield of Utah, 472 F.3d 702 (10th Cir. 2006); United States *ex rel.* Costa v. Baker & Taylor, Inc., 1998 WL 230979, at *3 (N.D. Cal. 1998)). These cases base their holdings on the language of the FCA. First, the statute of limitations provision in the FCA provides that the period begins when the action is "brought," not when it is unsealed. See 31 U.S.C. § 3731(b) (2000). Second, the FCA permits the government to seek extensions upon a showing that it has been diligently investigating the case. See 31 U.S.C. § 3730(c)(4) (2000). The statute does not provide a limit for the number of extensions the government may seek. It would be illogical to limit claims when the government has sought for and properly received those extensions. It would also be unfair to penalize relators by barring their claims on timeliness grounds when they cannot control a court's decision to permit multiple extensions of the seal. See Downy, 118 F. Supp. 2d at 1171.

Finally, in support of his argument, Relator cites an analogous Ninth Circuit case in which the court held that the statute of limitations was tolled by the return of an indictment, not the unsealing of

ORDER - 5

an indictment. See United States v. Bracy, 67 F.3d 1421 (9th Cir. 1995). In that case, the court concluded that a sealed indictment was tolled so long as the sealing furthered legitimate prosecutorial objectives. Id. at 1426. The court determined that an ongoing investigation was a sufficient prosecutorial objective. Id. at 1426-27. Similarly, Relator filed the present complaint under seal so that the government could investigate the allegations and determine whether to intervene in the action.

Baylor does not stand for the proposition that the limitations period is tolled on the date the case is unsealed, and there is substantial case law to the contrary. Furthermore, the language of the FCA suggests that the statute of limitations is tolled when the original complaint is filed, and analogous Ninth Circuit case law favors this interpretation. Consequently, although Premera did not receive official notice of the lawsuit until it received a copy of the complaint, the statute of limitations is tolled on the date the original complaint was filed, March 29, 2001.

III. Length of the Statute of Limitations

The parties also dispute the appropriate length of the limitations period. Relator argues that he is entitled to pursue all false claims that occurred within ten years of March 29, 2001. The FCA's statute of limitations provision provides as follows:

> A civil action under [the FCA] may not be brought–
>
> > (1) more than 6 years after the date on which the violation of [the FCA] is committed, or
> > (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.

31 U.S.C. § 3731(b) (2000). Although the statute does not explicitly apply the longer ten year limitations period to private parties, the Ninth Circuit has held that it benefits qui tam plaintiffs as well as the government. See United States *ex rel*. Hyatt v. Northrop Corp., 91 F.3d 1211, 1216 (9th Cir.

ORDER - 6

1995). To clarify the language of the statute, the Hyatt court explained that the alternative limitation periods apply as follows:

> [A] civil action under the [FCA] brought by a qui tam plaintiff must be commenced no more than (1) six years after the date on which the FCA violation is committed or (2) three years after the date when facts material to the right of action are known or reasonably should have been known by the qui tam plaintiff, whichever occurs last. A suit must, in any event, be brought no more than ten years after the date on which the violation occurred.

Id. at 1218. Relator argues that the ten year period applies because he filed his complaint on March 29, 2001, less than three years after he started working at Premera on October 19, 1998. Relator argues that he is entitled to rely on the longer limitations period because he could not have learned about past violations until he began his employment.

Premera disputes the applicability of the lengthier provision, arguing that Relator's claims are subject to the FCA's six-year statute of limitations. See 31 U.S.C. § 3731(b)(1) (2000). Premera equates the lengthier provision with the doctrine of equitable tolling, and argues that Relator bears the burden of alleging facts necessary to give rise to tolling. See Udom v. Fonseca, 846 F.2d 1236, 1238 (9th Cir. 1998); United States *ex rel*. Saaf v. Lehman Bros., 123 F.3d 1307, 1308 (9th Cir. 1997); Walker v. Boeing Corp., 218 F. Supp. 2d 1177, 1186 (C.D. Cal. 2002). However, the cases cited by Premera are inapposite for two reasons. First, Udom and Walker only address the doctrine of equitable tolling. Conversely, the limitations provision relied on by Relator in this case is statutory, and the Ninth Circuit has determined that it is applicable to qui tam plaintiffs so long as the relator has complied with the statutory requirements. See Hyatt, 91 F.3d at 1218.

Second, the cases are procedurally distinguishable. In both Udom and Saaf, the court was addressing the sufficiency of the plaintiff's pleadings in a motion to dismiss. But at the summary judgment stage, the relevant inquiry is whether the plaintiff has produced facts sufficient to toll the statute, see Walker, 218 F. Supp. 2d at 1186, and even if the Court treated the case as a claim for equitable tolling, Relator has brought forth sufficient facts to toll the statute. Relator has indicated

ORDER - 7

1  when he became aware of the false claims, and shown that he filed suit within three years of
2  uncovering the false claims. (Am. Compl.) Furthermore, although Premera argues to the contrary,
3  Relator does not need to produce evidence that Premera concealed material facts to gain the benefit of
4  the lengthier limitations period. See Saaf, 123 F.3d at 1308 ("[N]either § 3731(b)(2) nor Hyatt
5  imposes a requirement that a qui tam plaintiff must allege fraudulent concealment to actuate tolling
6  under the FCA.").

7  Relator is not required to plead equitable tolling because the applicable limitations provision is
8  provided by statute and it is available to qui tam plaintiffs. Furthermore, even if the Court treated the
9  statute as if it were a claim for equitable tolling, Relator has raised facts sufficient to toll the statute.
10 Accordingly, the ten year limitations period is applicable to Relator's claims.

11 However, even if Relator receives the benefit of the lengthier statutory period, some of his
12 claims are untimely. Relator's complaint seeks relief for false claims "from at least 1989." Because
13 Relator did not file his complaint until March 29, 2001, any claims occurring prior to March 29, 1991,
14 fall outside the limitations period. Relator concedes that any allegations of false claims made prior to
15 March 29, 1991, are untimely. (Resp. at 20.) Therefore, Premera is entitled to summary judgment for
16 any of Relator's claims that occurred prior to March 29, 1991.

**Conclusion**

Many of the arguments raised by the parties relate to the substance of Relator's claims, and the Court reserves judgment on those issues to the parties' remaining motions for summary judgment. However, the Court concludes that the limitations period is tolled as of March 29, 2001, the date the original complaint was filed. Furthermore, Relator is entitled to rely on the ten year limitations provision provided in the FCA. Applying the ten year limitations period to the filing of the original complaint, the Court concludes that Premera is entitled to summary judgment on all of Relator's claims that took place prior to March 29, 1991. Any such claims are dismissed with prejudice as untimely.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: April 3, 2007.

                                                 s/Marsha J. Pechman
                                                 Marsha J. Pechman
                                                 United States District Judge