1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12

UNITED STATES, ex rel.
   GIRISH PARIKH,
                   Plaintiff,

v.

PREMERA BLUE CROSS,
              Defendant.

No. C01-0476MJP

ORDER

13
14
15
16
17
18
19
20
21
22
23
24
25
26

     This matter comes before the Court on the stipulation and order of dismissal filed by Relator, Defendant, and the United States. (Dkt. No. 300.)  The parties have reached a settlement and now seek dismissal with prejudice as to Relator, and dismissal without prejudice as to the United States, of all remaining claims alleged in the Amended Complaint.  The parties have not revealed the specific terms of the settlement agreement to the Court.  At a pretrial conference on May 10, 2007, the Court ordered the parties to submit additional briefing on the Court's duties regarding approval of the settlement.  On May 11, 2007, Relator and Defendant filed a joint memorandum in support of dismissal. (Dkt. No. 301.)  They argue that the law does not require the Court to review the terms of the settlement before signing the order of dismissal in part because the settlement relates to Relator's personal employment claim, rather than his False Claims Act claims.  On May 12, 2007, the United States filed a memorandum in support of dismissal. (Dkt. No. 303.)  The United States argues that under the particular circumstances in this case — where dismissal would be without prejudice to the United States and where there is no objection to the settlement — the Court should consent to the

ORDER - 1

dismissal.  Having considered these memoranda and the proposed order of dismissal, the Court

concludes that it cannot dismiss this action without first reviewing the settlement agreement and/or

affidavits regarding the reasonableness of the settlement.

As mentioned, the Court is not aware of the specific terms of the settlement.  Counsel have

represented through their briefing that the settlement is a settlement of the employment claim and

does not involve payment of monies or a compromise of any FCA claim.  Counsel also represent that

the Government has indicated that it is pursuing its claims through administrative negotiations and

that Relator will not seek a share of any administrative recovery.  Finally, the dismissal is to be with

prejudice as to Relator, but without prejudice as to the Government.

This case was initiated by Relator under section 3730(b)(1) of the False Claims Act ("FCA"),

which provides as follows:

> A person may bring a civil action for a violation of section 3729 for the person and for
> the United States Government.  The action shall be brought in the name of the
> Government.  The action may be dismissed only if the court and the Attorney General
> give written consent to the dismissal and their reasons for consenting.

31 U.S.C. § 3730(b)(1).  The Ninth Circuit has held that the consent provision contained in §

3730(b)(1) applies only during the initial sixty-day (or extended) period when the government

investigates relator's FCA allegations and determines whether to intervene. U.S. ex. rel. Killingsworth

v. Northrop Corp., 25 F.3d 715, 722 (9th Cir. 1994).  Because the United States declined to

intervene in this suit, § 3730(b)(1) does not require that the Court review the settlement.

Notwithstanding the inapplicability of 3730(b)(1) here, other provisions in the statute require

that the Court review the terms of the settlement for compliance with the FCA.  Indeed, the Ninth

Circuit has stated that "[t]he FCA provides that the district court must approve a proposed settlement

in a qui tam case . . . ." U.S. ex. re. Sharma v. Univ. S. Cal. 217 F.3d 1141, 1143 (9th Cir. 2000)

(emphasis added) (holding that district court has authority to modify and approve settlement

agreement to bring it into compliance with FCA).  Section 3730(d)(2) governs awards to qui tam plaintiffs where the government declines to intervene.  That provision states: "If the government does not proceed with an action under this section, the person bringing the action or settling the claim shall receive an amount <u>which the court decides is reasonable for collecting the civil penalty and damages</u>."  31 U.S.C. § 3730(d)(2) (emphasis added).  As the <u>Killingsworth</u> court explained, "the district court plays an important role in allocating the proceeds of a settlement by determining the amount to be received by the qui tam plaintiff within the overall limitation of no more than 30% of those proceeds .  . . ." <u>Killingsworth</u>, 25 F.3d at 724; <u>see</u> 31 U.S.C. § 3730(d).  To fulfill its duties under § 3730(d) the Court must determine whether the settlement amount is reasonable.

Relator and Defendant argue that it is appropriate for the Court to dismiss this action without reviewing the terms of the settlement because the settlement relates to Relator's private employment claim and does not involve any payment of monies for any FCA claim.  But presumably, settlement of Relator's personal employment claim under § 3730(h) is conditioned upon dismissal of the FCA claims as to Relator with prejudice.  Thus the settlement involves the FCA claims and therefore falls within the scope of 31 U.S.C. § 3730(d)(2) which requires the Court to determine whether the settlement amount is reasonable.

Relator, Defendant, and the United States also argue that this settlement presents unique circumstances that mitigate against court oversight.  They argue that, unlike in <u>Killingsworth</u>, the Government has reviewed and does not object to the settlement.  They also argue that the Government has indicated that it is pursuing its claims through administrative negotiations and that dismissal as to the United States is without prejudice.  Thus, the parties and Government argue that the Court should not be concerned about any compromise of the public's interests.  But the parties and Government have not cited any authority for their position that these unique circumstances warrant dismissal without court-review of the settlement terms.  Although <u>Killingsworth</u> and <u>Sharma</u>

both involved situations where the Government objected to the settlement terms, the parties have not cited, and the Court has not found, any authority for the proposition that the Court may dismiss a qui tam case without reviewing the reasonableness of the settlement terms where all parties and the Government agree to the dismissal.  Given the language of § 3730(d)(2), and the discussions in Killingsworth and Sharma, the Court concludes that it must determine whether the settlement is reasonable before ordering dismissal.

Counsel have not provided the settlement for the Court's review.  It is possible that the Court could review the reasonableness of the settlement agreement without being apprised of all of its terms.  But the parties have not offered any affidavits explaining why the settlement is reasonable.  And given the lengthy history of this case, the Court is particularly concerned that dismissal without prejudice as to the Government is not reasonable.  Relator filed his complaint in 2001.  The Government received extensions regarding its decision to intervene for more than four years before declining to intervene.  Since September 2005, this case has been litigated, with extensive discovery and motions practice, by Relator and Defendant.  It would be an outrageous waste of judicial resources if the Government brought a new case on these same claims.  Without good reason, the Court is hesitant to dismiss this action without making such dismissal final.

For these reasons, the Court will not sign the proposed order of dismissal.  The parties shall file a copy of their settlement agreement and/or declarations explaining why the settlement terms are reasonable with the Court no later than Monday, May 21, 2007.  If the parties wish to have the settlement agreement and/or declarations reviewed under seal, they may file a motion to seal by following the provisions of Local Civil Rule 5(g).

//

//

//

ORDER - 4

The clerk is directed to send copies of this order to all counsel of record.

Dated this 16th day of May, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 5