Judge Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., Girish Parikh, <br><br> Plaintiff, <br><br> v. <br><br> PREMERA BLUE CROSS, a Washington non-profit Corporation, <br><br> Defendant. | CV-01-0476 <br><br> SUBMISSION OF UNITED STATES IN RESPONSE TO COURT ORDER REGARDING SETTLEMENT |

On May 9, 2007 the Relator, the Defendant and the United States filed a stipulation of dismissal with the Court. On May 11, the Relator and the Defendant submitted a joint brief responding to certain questions raised by the Court during the Pretrial Conference regarding the terms of the proposed dismissal. The United States submitted a separate brief on May 14, 2007, responding to concerns raised by the Court. On May 16, the Court entered an Order in which it held that before it could dismiss this action, as requested by the parties, it needed to review the terms of their settlement.

Section 3730(b)(1) of the False Claims Act ("FCA") gives a federal court the authority to review the terms of any settlement which involves the dismissal of claims

SUBMISSION OF THE UNITED STATES - 1

filed under Section 3729 of the Act, 31 U.S.C. § 3730(b)(1). Since the proposed settlement involves such a dismissal, the Court should have access to the documents setting forth the details of that proposed settlement ("Settlement Agreement").[1] The government notes that the Defendant has represented that it will file under seal copies of the Settlement Agreement which the government understands embody all the terms of the proposed settlement between the Relator and the Defendant.[2] The government, as it stated in its May 14 Memorandum, is prepared to provide the Settlement Agreement to the Court.

While the government will leave it to the Relator and the Defendant to explain the details of their proposed settlement to the Court, in broad outline, the government believes these settlements represent a reasonable resolution of the Relator's employment claims against the Defendant under 31 U.S.C. § 3730(h), as well as a reasonable resolution of the Relator's claims for his attorney's fees, expenses and costs, under the circumstances of this case. While the proposed settlement involves a release by the Relator of his claims under the FCA, it does not involve any attempt to release such claims by the United States. This release without prejudice to the government's claims was critical to the government's evaluation of the reasonableness of the proposed

---

[1] The Court's May 16, 2007 Order suggests that the source of its authority to review the settlement in this case comes from Section 3730(d)(2) of the FCA, rather than Section 3730(b)(1). However, Section 3730(d)(2) addresses only the authority of a court in a declined qui tam case to determine the award to the qui tam plaintiff "for collecting the civil penalties and damages" under Section 3729. 31 U.S.C. § 3730(d)(2). As authority for its reading of Section 3730(d)(2), the Court cites U.S. ex rel. Killingsworth v. Northrop Corp. 25 F.3d 715, 720-723 (9th Cir. 1994). While Killingsworth rejected the government's argument that Section 3730(b)(1) gives the government the "absolute right under the Act to block a settlement [of a declined qui tam]," 25 F.3d at 720, it does not suggest that in a declined qui tam, the Court is not required by the express language of Section 3730(b)(1) to "give written consent to the dismissal and [its] reasons for consenting."

[2] The government has consistently taken the position in this case that neither the terms of the settlement nor the written Settlement Agreement is confidential as to the government, and thus opposes the parties' attempt to file the Settlement Agreement under seal. The government is prepared to submit the Settlement Agreement to the Court.

SUBMISSION OF THE UNITED STATES - 2

1 settlement. Indeed, absent a release without prejudice, the government, in all
2 likelihood, would have objected to the settlement or, in light of a dismissal with
3 prejudice as to the government, it would have sought its fair share of what must be
4 deemed proceeds of the FCA claims. The Relator and Defendant have never proposed
5 settling the FCA claims with prejudice to the United States, nor have they allocated any
6 of the settlement amount to the FCA claims at all.

7 Were the government's claims dismissed with prejudice under these
8 circumstances, the government would in fact be in a *worse* position than it otherwise
9 would have been if the Relator had never filed the instant action. The FCA's qui tam
10 provisions reflect Congress's recognition that the government lacks the resources
11 necessary to uncover, investigate, and pursue every instance of fraud against the United
12 States, and provides a mechanism for addressing such fraud. U.S. ex rel. Milam v.
13 University of Texas, 961 F.2d 46, 49 (4th Cir. 1992); see S. Rep. No. 99-345, at 7-8,
14 1986 U.S.C.C.A.N. at 5272-73. Even in a declined qui tam, the United States is not a
15 mere bystander to the litigation; it is the real party in interest and the statute "provides
16 protection for rights of both the relator and the government." See Milam, 961 F2.d at
17 50; Killingsworth, 25 F.3d at 720. The United States should not be required to forego
18 its right to pursue possible actions merely because a relator has brought a qui tam
19 action and then agreed to dismiss it without providing *any* financial recovery for the
20 United States. See generally Estate of Kokenot, 112 F.3d 1290, 1294 (5th Cir. 1997)
21 (settlement agreement is a contract that must be supported by adequate consideration);
22 see also Wisch v. Whirlpool Corp., 927 F. Supp. 1092, 1097 (N.D. Ill. 1996)
23 (nullifying release of claim for lack of consideration).

SUBMISSION OF THE UNITED STATES - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  While the government has not reached a final resolution of a separate, proposed
2  administrative settlement between the Defendant and the Centers for Medicare &
3  Medicaid Services ("CMS"), a tentative proposed settlement has been reached of these
4  administrative issues as well.  In the proposed administrative settlement, CMS would
5  release certain, defined administrative claims against Premera under the Medicare
6  Secondary Payer ("MSP") Statute, and, in exchange, Premera would make a payment
7  to CMS in an amount which reflects the good faith calculations by CMS and Premera
8  of the mistaken MSP payments at issue made by the Medicare program, for which
9  Premera's private insurance was responsible.  Since the settlement of the MSP issue
10 would not involve any release of the government's claims under the FCA, the Relator
11 has agreed not to seek any of the proceeds of this settlement when it is finalized.

12  As the Court knows, the United States declined to intervene in this lawsuit.  The
13 proposed administrative settlement between CMS and Premera does not involve any
14 release by the United States of claims alleged in this case under the FCA, and reflects
15 the fact that the United States will receive no amount from the settlement for the release
16 of any of its FCA claims.  Since the United States has not agreed to release any FCA.
17 claims in the context of the proposed dismissal, the proposed dismissal of such claims
18 in this case should be without prejudice as to the United States, and the parties have so
19 agreed.

DATED this 21st of May, 2007.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY C. SULLIVAN
United States Attorney
Western District of Washington


*s/Peter Winn*
PETER A. WINN
Assistant U.S. Attorney

JOYCE R. BRANDA
POLLY A. DAMMANN
PATRICIA L. HANOWER
Attorneys, Civil Division
U.S. Department of Justice
Post Office Box 261
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-4397

Attorneys for United States

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this date I electronically filed the foregoing Defendant's Answer with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys for the parties in this case, all of whom are CM/ECF participants.

DATED May 21, 2007.

*s/Peter Winn*
PETER A. WINN
Assistant U.S. Attorney