UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES, ex rel.<br>GIRISH PARIKH,<br>          Plaintiff,<br><br>v.<br><br>PREMERA BLUE CROSS,<br>          Defendant. | No. C01-0476MJP<br><br>ORDER OF DISMISSAL |

      This matter comes before the Court on the parties stipulation and proposed order dismissing all remaining counts in this case. (Dkt. No. 300.) On May 16, 2007, the Court issued an order stating that it would not sign the proposed dismissal order until it reviewed the reasonableness of the settlement between Relator and Defendant. (Dkt. No. 305.) The Court ordered the parties to file a copy of their settlement agreement and/or declarations explaining why the settlement terms are reasonable with the Court no later than Monday, May 21, 2007. On May 21, Defendant, Relator, and the United States all filed memoranda in support of dismissal. (See Dkt. Nos. 306, 313, 312.)

      The Court has reviewed the documents provided by the parties. In addition to the legal memoranda, these documents include:

1. The settlement agreement; (Dkt. No. 307)

2. The declaration of Relator Girish Parikh, in which Mr. Parikh states that all settlement negotiations were conducted with the assurance that he would receive a "Net Settlement Amount" and that any reductions in the total settlement award would come from a reduction in attorneys' fees. Mr. Parikh also states that he is "pleased with the

ORDER - 1

settlement obtained and believe[s] that it represents a reasonable compromise and resolution for all involved; (Dkt. No. 313)

3. The written report of Dr. Iqbal Mathur, Ph.D., an expert economist retained by Relator to testify as to Relator's damages; (Dkt. No. 313)

4. The declaration of Katherine Cramer, in which Ms. Cramer states that the United States and Premera have reached a tentative administrative settlement which represents potential Medicare mistaken primary payments made in error, and that it is Premera's position that Relator never plead a claim for these erroneous payments; (Dkt. No. 308)

5. The declaration of Karen Jones, attorney for Defendant Premera, in which Ms. Jones details Premera's prerequisites for settlement, including confidentiality and no payment of monies for dismissal of Relator's False Claims Act claims; Ms. Jones also explains that Premera's settlement payment is for an amount that is within the parameters asserted by his expert economist as an estimate of his wage and benefits loss, plus purported special damages, attorneys' fees (which were represented in the mediation to be something less than the full fees) and costs; (Dkt. No. 307)

6. The declaration of Tim Keller, attorney for Relator Parikh. (Dkt. No. 313.)

Based on the Court's review of these documents, the Court concludes that the settlement agreement is reasonable. In reaching this conclusion, the Court did not find it necessary to consider the mediation term sheet or wire transfer instructions, which have been submitted under seal.[1] (Dkt. Nos. 310 & 311.) Because all parties agree to the settlement, and because the terms of the settlement appear reasonable in the context of this litigation, the Court approves the settlement agreement.

//

//

//

//

//

---

[1] Defendants' pending motion to seal (Dkt. No. 309) is therefore moot and will be terminated on the Court's motions calendar.

ORDER - 2

It is therefore ORDERED, ADJUDGED AND DECREED that all remaining claims alleged in the Amended Complaint filed May 9, 2005 (Dkt. 39) are hereby dismissed with prejudice as to the Relator Girish Parikh, and without prejudice as to the United States of America, without imposition of fees or costs.

The clerk is directed to send copies of this order to all counsel of record.

Dated this 23rd day of May, 2007.

Marsha J. Pechman
United States District Judge

ORDER - 3